Filed 5/7/14  P. v. Styre CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>RICHARD LEE STYRE,<br><br>      Defendant and Appellant. | F066332<br><br>(Super. Ct. No. CRF38145)<br><br><br>**OPINION** |

### <u>THE COURT</u>\*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.

Rachel Paige Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Kane, J. and LaPorte, J.†

†      Judge of the Superior Court of Kings County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Following the denial of his motion to suppress evidence (Pen. Code, § 1538.5), appellant, Richard Lee Styre, pursuant to a plea agreement, pleaded guilty to unlawful possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).[1] In keeping with the plea agreement, the court suspended imposition of sentence and placed appellant on five years' probation, one of the terms of which was that appellant serve 90 days in county jail with credit for one day of time served.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS[2]

Parole Agent Bernard Roberts testified to the following. On April 19, 2012, he went with California Highway Patrol Officer Brian Bowman and Tuolumne County Deputy Sheriff Matthew Stuart to a residence in Jamestown to conduct a parole search of Robert Kurts. After searching the residence and determining Kurts was not there, Roberts, Bowman and Stuart walked to a motor home parked approximately 30 feet from the residence, where Roberts knocked on the door. Appellant opened the door and Roberts asked if Kurts was inside. Appellant said he was not. Roberts then asked if "there was anyone else in there hiding." Appellant said there was not. Roberts then asked if he and his colleagues "could go in and look to make sure there was nobody in there," and appellant "agreed." Roberts and Bowman then entered the motor home, and

---

[1]     Penal Code section 29800, subdivision (a)(1) provides, in relevant part: "Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country … and who … has in possession or under custody or control any firearm is guilty of a felony."
[2]     Our factual statement is taken from the hearing on appellant's suppression motion.

Roberts, upon entering "the bedroom area, which was open," saw that "a double-barreled shotgun was sitting on the bed."

Appellant testified to the following. On April 19, 2012, appellant, after hearing a knock on his door, went to the door and "asked who it was." In response, someone said it was a "deputy [from] the Sheriff's Department." Appellant then opened the door and stepped outside. At that point, Roberts said "he was doing a parole search," and "went around [appellant] and went into [appellant's] residence." Roberts "was around [appellant] and in [appellant's] house before [appellant] had an opportunity to say anything." Appellant "never gave permission for [his] residence to be searched by anyone." Appellant had suffered a prior felony conviction.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.

3